IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| MARLENE WEAVER MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-563-A |
| | § | |
| TARRANT COUNTY COURT AT LAW #1, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, County Court at Law No. 1 of Tarrant County,[1] to dismiss. The court, having considered the motion, the response of plaintiff, Marlene Weaver Mitchell, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On July 6, 2018, plaintiff filed her complaint in this action in the Dallas Division of this court. Doc.[2] 3. By order of July 10, 2018, the action was transferred to this division, where it was assigned to the docket of the undersigned. Doc. 7.

Plaintiff's complaint is labeled "Bill in Equity" and refers on the first page to state court cases in the Second Court of Appeals, 17th Judicial District Court, and County Court at Law

---

[1] Defendant is misnamed "Tarrant County Court at Law #1" in plaintiff's complaint.

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

No. 1 as being related to this action. Doc. 3 at 1. The back of each page of the complaint bears a postage stamp and plaintiff's signature. See, e.g., id. at PageID[3] 6. Plaintiff says that the action is being filed "[d]ue to continuous violation of due process, the ignoring of multiple offers to settle, numerous violations of public policy ad the denial of requests for a court of equity." Id. at 1.

This action apparently arises out of a foreclosure and subsequent judgment for possession of the property in favor of Wilmington Savings Fund Society, FSB ("Wilmington") in the County Court at Law No. 1 of Tarrant County. Id., Ex. 1 (the "forcible detainer judgment"). Plaintiff apparently contends that Wilmington never proved that it had the right to foreclose, id. at PageID 15, and that "any alleged debt/obligation has been satisfied many times over," id. at PageID 17. She seeks return of the property known as 1402 Cliffwood Road, Euless, Texas, to her. Id. at PageID 19. She also seeks attorney's fees (though she is proceeding pro se), damages, and costs. Id.

---

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system.

II.

## Grounds of the Motion

Defendant maintains that plaintiff's claims must be dismissed for a number of reasons:

(1) The court is without jurisdiction to review or interfere with the final state court judgment or pending state court proceedings;

(2) plaintiff's claims are barred by governmental immunity;

(3) plaintiff has no viable claim for money damages under the Texas Constitution;

(4) plaintiff has failed to state a claim upon which relief can be granted because "Tarrant County Court at Law #1" is not a jural entity;

(5) plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983 or Monell; and

(6) service of process was insufficient.

Doc. 22 at 2.

III.

## Applicable Legal Principles

A.  Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not

shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central

to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

B. Subject Matter Jurisdiction

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. Spector v. L Q Motor Inns, Inc., 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of

the limited nature of federal court jurisdiction, there is a presumption against its existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 189; Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

IV.

Analysis

The factual and procedural background of this action is described in defendant's motion, Doc. 22 at 2-6, which is supported by defendant's appendix, Doc. 23, and will not be repeated here. Suffice to say that plaintiff's property was foreclosed upon in 2016, and plaintiff still refuses to vacate the premises. Plaintiff has appealed the forcible detainer judgment to the Second Court of Appeals and she has filed a wrongful foreclosure suit, which is now pending in the District Court, 17th Judicial District, of Tarrant County. By this action, plaintiff admits that she is attacking the proceedings in the County Court at Law No. 1 leading to the forcible detainer judgment that is now on appeal. Doc. 27. Specifically, she contends that the forcible detainer action would not have been

7

tried "had the Judge [of defendant] reviewed/studied the file and found that any alleged debt had been discharged." Id. at 2.

Pursuant to the Rooker/Feldman[4] doctrine, the court lacks jurisdiction to entertain collateral attacks on state court judgments. Riley v. La. State Bar Ass'n, 214 F. App'x 456, 458 (5th Cir. 2007). "State courts should resolve constitutional questions arising from state proceedings." Id.; Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994). In particular, a plaintiff cannot cast her complaint in the form of a civil rights action (as is the case here) to circumvent the doctrine, "as absent a specific delegation federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." Liedtke, 18 F.3d at 317 (internal quotations brackets omitted)(citations omitted). This is exactly the kind of case that falls under the Rooker/Feldman doctrine. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, it must be dismissed.

The court need not reach the other grounds of the motion, although it notes that they have merit.

---

[4]Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims in this action be, and are hereby, dismissed for lack of jurisdiction.

SIGNED August 28, 2018.

_____
JOHN McBRYDE
United States District Judge